UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALIA BAHOORA, et al.,

    Plaintiffs,                       CIVIL ACTION NO. 09-CV-13387

vs.

                                    DISTRICT JUDGE PATRICK J. DUGGAN

MICHIGAN STATE OF, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

**I.**    **RECOMMENDATION**: This Court recommends that the Motion to Stay filed by Defendants State of Michigan, Office of Financial and Insurance Regulation ("OFIR"), and Luke Hasbany (docket no. 33) be **GRANTED** and the Motion for Summary Judgment filed by Defendants State of Michigan, OFIR, and Luke Hasbany (docket no. 34) be **DENIED** without prejudice to Defendants refiling the motion upon lifting of the stay.

**II.**    **REPORT**:

These matters come before the Court on two motions. The first motion is Defendants State of Michigan, OFIR, and Luke Hasbany's Motion to Stay. (Docket no. 33). Plaintiffs filed a response. (Docket no. 35). The second motion is Defendants State of Michigan, OFIR, and Luke Hasbany's Motion for Summary Judgment. (Docket no. 34). Plaintiffs did not file a response and the time for responding has now expired. The motions have been referred to the undersigned for action. (Docket nos. 36, 39). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling.

**A.**    **Facts and Procedural History**

1

Plaintiffs filed this lawsuit on August 26, 2009 against the State of Michigan, OFIR, OFIR employee Luke Hasbany and others for injuries caused by the alleged wrongful suspension of Plaintiff Alia Bahoora's insurance license. (Docket nos. 1, 2). On April 15, 2010, the Court dismissed Defendants Manar Abbo, Allegiance Insurance Agency I, Inc., Allegiance Insurance Agency XI, Inc., Allegiance Insurance Agency XII, Inc., Allegiance Insurance Agency VII, Inc., and Allegiance Insurance Agency XVI, Inc. (Docket no. 20). The Court then entered an order on Defendants State of Michigan, OFIR, and Luke Hasbany's Motion for Judgment on the Pleadings, dismissing Plaintiffs' state law claims, Plaintiffs' individual capacity claims against the state Defendants, and Count V alleging violation of Title VII of the Civil Rights Act of 1964. (Docket no. 28). What remains are Plaintiffs' 42 U.S.C. § 1983 claims brought against the State of Michigan, OFIR, and Luke Hasbany in his official capacity, those being Counts I, II, and III of the amended complaint. (Docket nos. 2, 28).

Defendants filed a notice of appeal from the order denying their motion to dismiss their § 1983 claims. (Docket no. 29). Thereafter Defendants filed the instant Motion to Stay asking the Court to stay all proceedings in this case pending resolution of their appeal. (Docket no. 33). Because the Scheduling Order set October 20, 2010 as the motion cut-off date, Defendants have also filed a Motion for Summary Judgment. (Docket nos. 18, 34). Plaintiffs have not responded to the Motion for Summary Judgment, but oppose the Motion to Stay arguing that the interests of justice will be better served if this case proceeds.

**B.      Analysis**

It is well-settled that the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958

F.2d 164, 167 (6th Cir.1992) (citations omitted).  The Sixth Circuit has suggested that when an interlocutory appeal is taken from a denial of qualified immunity, the district court may have jurisdiction to proceed to trial if it certifies that the appeal is frivolous.  *See Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir.1994) (citing *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir.1991)).  Courts have applied this same analysis in the context of an interlocutory appeal from a denial of sovereign immunity.  *See, e.g., New York v. Locke*, No. 08-CV-2503, 2009 WL 2413463 (E.D. N.Y. Aug. 3, 2009); *Summit Med. Assoc. v. James*, 998 F. Supp. 1339, 1341-43 (M.D. Ala. 1998).

Defendants argued in their Motion for Judgment on the Pleadings that they are immune from suit under the Eleventh Amendment and that Defendants State of Michigan, OFIR, and Luke Hasbany in his official capacity are not persons under 42 U.S.C. § 1983.  (Docket nos. 17, 31).  Their notice of appeal reveals that they appealed the order denying their motion to dismiss the § 1983 claim brought against the State of Michigan, OFIR, and Luke Hasbany.  No other claims remain in this case over which the Court may exercise jurisdiction.  Plaintiffs have not persuaded the Court that Defendants' appeal is frivolous or utterly lacking in merit.  Accordingly, this Court concludes that a stay of all proceedings pending resolution of the appeal is appropriate.

Defendants filed a Motion for Summary Judgment in accordance with the Scheduling Order claiming that the motion was filed solely to preserve their argument that Plaintiffs' claims are without merit.  (Docket no. 34 at p. 6 n.4).  Defendants further claim that the Motion for Summary Judgment is unnecessary and they should be permitted to file a subsequent Motion for Summary Judgment if the Court of Appeals finds that additional lower court proceedings are required.  (Docket no. 34 at p. 6 n.4).  Plaintiffs have not filed a response to the Motion for Summary Judgment.  Even if they had filed a response, however, the Court has no jurisdiction over the

3

pending Motion for Summary Judgment. Rather than leave the motion pending indefinitely as a result of an order to stay proceedings, this Court recommends that Defendants' Motion for Summary Judgment (docket no. 34) be denied without prejudice to refiling upon the lifting of the stay.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: July 11, 2011          s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 11, 2011          s/ Lisa C. Bartlett
                                           Case Manager